IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUES J. POLAK<br>3420 Porter Street, N.W.<br>Washington, DC 20016,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>INTERNATIONAL MONETARY<br>FUND<br>700 19th Street, N.W.<br>Washington, DC 20431,<br><br>　　　Defendant. | Civil Action No. _____<br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Dr. Jacques J. Polak ("Dr. Polak"), by and through his undersigned counsel, hereby brings this Complaint against Defendant International Monetary Fund (the "Fund") for negligence and negligence *per se*.

### The Parties, Jurisdiction and Venue

1.　Plaintiff Dr. Jacques J. Polak is a resident of the District of Columbia, living at 3420 Porter Street, N.W., Washington, DC, 20016, with his wife of 70 years, Josephine W. Polak.

2.　Defendant International Monetary Fund is an international organization. Its principal office in the United States is, and at all relevant times was, located at 700 19th Street, N.W., Washington, DC, 20431.

3.　The Court has subject-matter jurisdiction pursuant to 22 U.S.C. § 286g, which provides that any action brought against the Fund "shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of any such action."

4. The Court has personal jurisdiction over Defendant because the Fund's international headquarters are located in the District of Columbia, and because the Fund's negligence occurred in the District of Columbia.

5. Venue in this action properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because: Defendant resides in the District of Columbia; Defendant's negligence occurred in the District of Columbia; and, the property where Defendant's negligence occurred is situated in the District of Columbia.

### Facts Common to All Counts

6. On November 15, 2007, Dr. Polak attended (at Defendant's invitation) the Eighth Annual Jacques Polak Research Conference, held at the Fund's headquarters in Washington, DC.

7. At approximately 2:30 p.m. on November 15, Dr. Polak entered the room where the conference was being held ("the conference room"). Dr. Polak's reserved seat was in the first row of the conference room—at the bottom of the conference room's steep, uneven stairs.

8. While descending the steep, uneven stairs, Dr. Polak fell, striking his head and sustaining serious, permanent, debilitating injuries.

9. Dr. Polak was rushed via ambulance to The George Washington University Hospital, where he was treated for his injuries. Dr. Polak requires ongoing medical treatment and care as a direct result of these serious, permanent, debilitating injuries.

10. At the time Dr. Polak fell, the Fund had not equipped the steep, uneven stairs in the conference room with an adequate handrail, in violation of the District of Columbia Building Code. *See* ICC INT'L BLDG. CODE §§ 1003.3.3.11 & 1008.11 (2000); D.C. MUN. REGS. tit. 12A, § 101.2 (adopting the 2000 ICC International Building Code as the District of Columbia Building Code).

11. At the time Dr. Polak fell, Defendant had not given Dr. Polak adequate warning regarding the steep, uneven stairs or the lack of an adequate handrail.

12. Previously, Dr. Polak led a very active lifestyle, working four days per week, playing tennis and bridge, delivering academic lectures, and serving as the primary caregiver for his wife.

13. As the result of the injuries he sustained on November 15, Dr. Polak's lifestyle is severely restricted. Dr. Polak requires constant, in-home medical care.

14. Prior to November 15, Dr. Polak was Mrs. Polak's primary caregiver. Because he is no longer able to serve as her primary caregiver, Mrs. Polak also requires constant, in-home medical care.

## COUNT I
### (Negligence)

15. Plaintiff repeats the allegations in paragraphs 1 through 14, which are incorporated herein by reference.

16. Before and at the time of the Incident, Defendant owed a duty to exercise reasonable care under all of the circumstances to Dr. Polak and to other attendees of the research conference (all of whom were present at Defendant's invitation).

17. Defendant acted willfully, knowingly, wrongfully, recklessly, and/or negligently. Defendant's willful, knowing, wrongful, reckless, and/or negligent acts and omissions included, without limitations, its failure to:

    A. Construct the stairs in the conference room at a safe incline;

    B. Construct even stairs in the conference room;

    C. Equip the stairs in the conference room with an adequate handrail;

    D. Give Dr. Polak adequate warning regarding the steep, uneven stairs in the conference room;

    E. Seat Dr. Polak in a location where he would not have to descend the steep, uneven stairs of the conference room, without adequate warning and without the assistance of an adequate handrail.

18. Defendant's willful, knowing, wrongful, reckless, and/or negligent acts and omissions involved ministerial functions performed at the operational level of the Fund, as opposed to discretionary functions performed at the Fund's planning level and involving questions of social, economic or political policy.

19. As a direct and proximate result of Defendant's willful, knowing, wrongful, reckless, and/or negligent acts and omissions, Dr. Polak sustained serious, permanent, debilitating injuries.

20. As a direct and proximate result of Defendant's willful, knowing, wrongful, reckless, and/or negligent acts and omissions, Dr. Polak suffered economic damages, including, but not limited to, medical expenses for him and expenses relating to the care of his wife.

21. As a direct and proximate result of Defendant's willful, knowing, wrongful, reckless, and/or negligent acts and omissions, Dr. Polak suffered severe mental anguish and sorrow.

## COUNT II
### (Negligence *per se*)

22. Plaintiff repeats the allegations in paragraphs 1 through 14, which are incorporated herein by reference.

23. As a direct and proximate result of Defendant's failure to equip the steep, uneven stairs in the conference room with an adequate handrail, in violation of the District of Columbia Building Code, Dr. Polak sustained serious, permanent, debilitating injuries. *See* ICC INT'L BLDG. CODE §§ 1003.3.3.11 & 1008.11 (2000); D.C. MUN. REGS. tit. 12A, § 101.2 (adopting the 2000 ICC International Building Code as the District of Columbia Building Code).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant in the amount of $6,000,000.00, or in such additional amount to be proven at trial, plus interest, and such other and further relief that the Court deems proper.

### Jury Demand

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

/s/ BGC
_____
Benjamin G. Chew (D.C. Bar #418577)
John C. Hilton (D.C. Bar # 980801)
(application for admission to D.D.C. pending)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC  20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315
bchew@pattonboggs.com
jhilton@pattonboggs.com

*Counsel for Plaintiff Dr. Jacques J. Polak*

Dated:  August 14, 2008

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Jacques J. Polak

## DEFENDANTS
International Monetary Fund

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Washington, DC
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Benjamin G. Chew
Patton Boggs LLP
2550 M Street, N.W.
Washington, DC 20037

ATTORNEYS (IF KNOWN)

Sean Hagan, General Counsel
700 19th Street, N.W.
Washington, DC 20431

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

● **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**      OR      ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Common law negligence per se

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  **DEMAND $** 6,000,000   Check YES only if demanded in complaint
**JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

**DATE** August 14, 2008    **SIGNATURE OF ATTORNEY OF RECORD** /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.