**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| JACQUES J. POLAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  1:08-CV-01416 (RMU) |
| | ) | |
| INTERNATIONAL MONETARY FUND, | ) | |
| 700 19th Street, NW | ) | |
| Washington, DC 20431 | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT INTERNATIONAL
MONETARY FUND'S MOTION TO DISMISS**

Defendant International Monetary Fund ("the Fund"), a public international organization, respectfully submits this motion to dismiss Plaintiff Jacques J. Polak's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.  The grounds for this Motion, as more fully set forth in the accompanying Memorandum of Points and Authorities, are as follows:

1.      Under the laws of the United States, including in particular the Bretton Woods Agreements Act, 22 U.S.C. § 286 *et seq.*, and the International Organizations Immunities Act, 22 U.S.C. § 288 *et seq.*, the Fund enjoys absolute immunity from every form of judicial process.

2.      The Fund's immunity deprives this Court of subject matter jurisdiction, requiring dismissal under Fed. R. Civ. P. 12(b)(1).

3.      The Fund's immunity precludes the grant of relief upon the claims stated in the Complaint, requiring dismissal under Fed. R. Civ. P. 12(b)(6).

- 2 -

Respectfully submitted,


/s/ Patrick J. Carome
Patrick J. Carome, D.C. Bar No. 385676
Christopher E. Babbitt, D.C. Bar No. 982508
WILMER CUTLER PICKERING
    HALE and DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 663-6000
patrick.carome@wilmerhale.com
christopher.babbitt@wilmerhale.com

Christopher E. Hassell, D.C. Bar No. 291641
BONNER KIERNAN TREBACH
    & CROCIATA, LLP
1233 20th Street, NW
Suite 800
Washington, DC 20036
(202) 712-7000
chassell@bktc.net

*Counsel for the International Monetary Fund*

October 31, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACQUES J. POLAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  1:08-CV-01416 (RMU) |
| ) | |
| INTERNATIONAL MONETARY FUND, ) | |
| 700 19th Street, NW ) | |
| Washington, DC 20431 ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT INTERNATIONAL MONETARY
FUND'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff Jacques J. Polak's ("Dr. Polak") personal injury action against Defendant

International Monetary Fund ("the Fund" or "the IMF") should be dismissed because the Fund is

immune from suit.  Both the Bretton Woods Agreements Act, 22 U.S.C. § 286 *et seq.,* giving

effect to Article IX, Sections 2-9 of the Articles of Agreement of the International Monetary

Fund, as well as the International Organizations Immunities Act, 22 U.S.C. § 288 *et seq.*, grant

the Fund immunity from all forms of judicial process.  In controlling decisions that are

dispositive here, the D.C. Circuit has held that, in the absence of an explicit waiver, these

immunities are "absolute."  The Fund has not waived its immunity in this action, in personal

injury suits generally, or under the terms of any contract with Dr. Polak.  Accordingly, this Court

lacks subject matter jurisdiction over this action and the Complaint fails to state a claim upon

which relief can be granted.  Dismissal is required for each of these reasons.

**BACKGROUND**

Dr. Polak brings this action to recover damages for personal injuries allegedly sustained when he fell on a staircase in an IMF auditorium on November 15, 2007.  (Compl. ¶¶ 6-8.)  At the time, Dr. Polak was attending the Eighth Annual Jacques Polak Research Conference, held in his honor at the Fund's headquarters in Washington, D.C.  (*Id.* ¶ 6.)  Dr. Polak seeks six million dollars in damages.  (*Id.* at 4.)

The IMF is an international intergovernmental organization that was established pursuant to a treaty that entered into force on December 27, 1945.  That treaty is called the Articles of Agreement of the International Monetary Fund ("Articles of Agreement").[1]  The purposes of the IMF are, *inter alia*, to promote international monetary cooperation, to facilitate the expansion and balanced growth of international trade, to promote exchange stability, and to provide temporary financial assistance to its member countries experiencing balance of payments difficulties.  *See* Articles of Agreement, Art. I.

Membership in the IMF is open to countries, and the IMF presently has 185 such members.  The United States accepted the Articles of Agreement and became a member of the IMF on December 27, 1945, and has been a member since that time.  *See* Bretton Woods Agreements Act, Pub. L. 79-171, 59 Stat. 512.  Accordingly, the Fund's Articles of Agreement—and the immunities provided therein—are now part of the statutory law of the United States.

---

[1]     *See* 60 Stat. 1401, T.I.A.S. No. 1501 (1945); amended, 20 U.S.T. 2775, T.I.A.S. No. 6748 (1968); amended, 29 U.S.T. 2203, T.I.A.S. No. 8937 (1976); amended, T.I.A.S. No. 11898 (1990).  The current version of the IMF's Articles of Agreement is available at http://www.imf.org/external/pubs/ft/aa/index.htm.

With respect to the status, privileges, and immunities of the IMF, Article IX, Section 3 of

its Articles of Agreement provides, in relevant part:

> *Immunity from judicial process.* The Fund, its property and its assets, wherever
> located and by whomsoever held, shall enjoy immunity from every form of
> judicial process except to the extent that it expressly waives its immunity for the
> purpose of any proceedings or by the terms of any contract.

In turn, the Bretton Woods Agreements Act explicitly gives this provision the full force of law in

the United States:

> The provisions of article IX, sections 2 to 9, both inclusive . . . of the Articles of
> Agreement of the Fund . . . shall have full force and effect in the United States
> and its Territories and possessions upon acceptance of membership by the United
> States in, and the establishment of, the Fund. . . .

59 Stat. 512, codified at 22 U.S.C. § 286h.

In addition to its Articles of Agreement, the IMF enjoys another source of immunities in

the United States. In 1945, Congress enacted the International Organizations Immunities Act

("IOIA"), 59 Stat. 669-673 (1945), 22 U.S.C. § 288 *et seq.* The IOIA grants designated

international organizations immunity from suit in the United States. 22 U.S.C. § 288a(b)

(designated international organizations shall "enjoy the same *immunity from suit and every form*

*of judicial process* as is enjoyed by foreign governments, except to the extent that such

organizations may expressly waive their immunity for the purpose of any proceedings or by the

terms of any contract") (emphasis added). President Harry S. Truman designated the IMF as a

public international organization for purposes of the IOIA by executive order on July 11, 1946.

*See* Exec. Order 9751, 11 Fed. Reg. 7713 (1946) (designating the IMF as a public international

organization entitled to the privileges and immunities of the IOIA, and noting that such

designation "is not intended to abridge in any respect privileges and immunities which such

organizations have acquired or may acquire by treaty or Congressional action").

**ARGUMENT**

**THIS ACTION MUST BE DISMISSED BECAUSE THE FUND IS ABSOLUTELY IMMUNE FROM PLAINTIFF'S SUIT.**

**A.      The Fund Has Absolute Immunity Under Its Articles of Agreement and the International Organizations Immunities Act.**

The Court should dismiss Dr. Polak's complaint on the basis of the Fund's immunity

under its Articles of Agreement, as incorporated into federal law, as well as under the IOIA.  As

an international agreement to which the United States is a party, the Fund's Articles are part of

the supreme law of the United States under the Constitution, with the same force of law as any

other domestic statute.  *See* U.S. Const. Art. VI, ¶ 2; *Foster v. Neilson*, 27 U.S. (2 Pet.) 253, 314

(1829) (Marshall, C.J.) ("Our constitution declares a treaty to be the law of the land.  It is,

consequently, to be regarded in courts of justice as equivalent to an act of the legislature,

whenever it operates of itself without the aid of any legislative provision."); *McKesson Corp. v.

Islamic Rep. of Iran*, 539 F.3d 485, 488 (D.C. Cir. 2008).  This is especially so where, as here,

the Articles have been formally incorporated into U.S. law.  *See* 22 U.S.C. § 286h; *Kissi v. de

Laroisiere*, No. 82-1267, at 2 (D.D.C. June 23, 1982) (J.H. Green, J.) ("The Articles of

Agreement, as a treaty, are part of the supreme law of the land of the United States . . . and

additionally, Congress has provided by statute that the immunities in Article IX shall have full

force and effect in the United States.").[2]

The Articles' grant of immunity is absolute, absent an express waiver by the Fund:  "The

Fund, its property and its assets, wherever located and by whomsoever held, shall enjoy

---

[2]      A copy of Judge Green's order of dismissal in *Kissi* (dismissing an action against the Fund's Managing Director on the basis of his immunity, as provided in Article IX of the Articles of Agreement, with respect to actions taken in his official capacity) is included as Exhibit A in the accompanying Appendix.

*immunity from every form of judicial proces*s except to the extent that it expressly waives its

immunity for the purpose of any proceedings or by the terms of any contract."  Articles of

Agreement, Art. IX, § 3 (emphasis added).  Accordingly, the D.C. Circuit has recognized that

"the Fund's Articles of Agreement absolutely reserve its immunity from suit."  *Mendaro v.*

*World Bank*, 717 F.2d 610, 618 & n. 53 (D.C. Cir. 1983).  The waiver clause does not come into

play here because the IMF has not waived its immunity in this action, in personal injury actions

generally, or by the terms of any contract with Dr. Polak.  *See* Affidavit of Shailendra J. Anjaria.[3]

Moreover, no such waiver can be inferred.  *See* Articles of Agreement, Art. IX, § 3 (requiring

"express[]" waiver); *see also Mendaro*, 717 F.2d at 617 ("[U]nder national and international law,

waivers of immunity must generally be expressly stated.").

The IOIA creates a separate grant of immunity, which the D.C. Circuit has held to be

"absolute" in a decision that is binding—and dispositive—here.[4]  *Atkinson v. Inter-Am. Dev.*

*Bank*, 156 F.3d 1335, 1341 (D.C. Cir. 1998).  In *Atkinson*, an individual brought suit against the

Inter-American Development Bank, an international organization protected under the IOIA.  The

D.C. Circuit affirmed the dismissal of the action on account of the Bank's immunity from suit

under the Act.  In particular, it held that the breadth of this immunity was fixed at the time of the

---

[3]     A copy of the Affidavit is included as Exhibit B in the accompanying Appendix.  In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the Court may consider matters outside of the pleadings.  *Tootle v. Sec. of the Navy*, 446 F.3d 167, 174 (D.C. Cir. 2006).

[4]     The IOIA provides that designated international organizations shall "enjoy the same *immunity from suit and every form of judicial process* as is enjoyed by foreign governments, except to the extent that such organizations may expressly waive their immunity for the purpose of any proceedings or by the terms of any contract."  22 U.S.C. § 288a(b) (emphasis added).

IOIA's enactment in 1945—"when immunity of foreign sovereigns was absolute." *Id.* at 1341.[5]

Accordingly, under both its Articles of Agreement and the IOIA, the Fund has absolute

immunity.[6]

    This Court has itself squarely held that the immunities accorded under the IMF's Articles

of Agreement require dismissal of civil actions that would otherwise transgress these immunities.

*See Kissi v. de Laroisiere*, No. 82-1267 (D.D.C. June 23, 1982) (J.H. Green, J.).  In *Kissi*, a job

applicant who had been denied a position at the Fund sued the Fund's Managing Director,

alleging that the denial was based on discrimination and "unjustified arbitrariness."  This Court,

per Judge Green, dismissed the action on the basis of the Managing Director's immunity.  *See*

*Kissi*, at 1 ("[W]hatever the merit or lack thereof in plaintiff's complaint, it must be dismissed

because defendant is immune from this suit.").  Judge Green observed that "the law could not be

clearer as to defendant's immunity from this suit."  *Id.* at 2.[7]  The law is no less clear today.

    The D.C. Circuit has recognized the "fundamental importance" of the broad immunities

that international organizations enjoy under both U.S. and international law:

---

[5]    In so holding, the D.C. Circuit expressly rejected the contrary decision of this Court in *Rendall-Speranza v. Nassim*, 932 F. Supp. 19, 23-25 (D.D.C. 1996), which had held that the immunity of international organizations under the IOIA had been modified—and restricted—by the Foreign Sovereign Immunities Act of 1978. *See Atkinson*, 156 F.3d at 1341 & n. 6.

[6]    Even if the IOIA and the Articles were understood to provide different degrees of immunity, the IMF would have the benefit of the more expansive, as provided in the Executive Order designating the IMF as a public international organization for purposes of the IOIA. *See* Exec. Order 9751, 11 Fed. Reg. 7713.  Moreover, recognition of, and respect for, the immunities provided under the Articles are an obligation of membership in the IMF. *See* Articles of Agreement, Art. IX, § 10; *see also* Restatement (Third) of the Foreign Relations Law of the United States § 467(b), cmt. h ("To the extent that the provisions of an agreement and of the Act are not identical, an organization enjoys the benefits of both.").

[7]    The Articles of Agreement establish the immunity of both the Fund, Art. IX, § 3, and its officers and employees, Art. IX, § 8.  The Bretton Woods Agreements Act,  22 U.S.C. § 286h, incorporated both sets of immunity into U.S. law.

>The strong foundation in international law for the privileges and immunities accorded to international organizations denotes the fundamental importance of these immunities to the growing efforts to achieve coordinated international action through multinational organizations with specific missions. . . . [T]he very structure of an international organization, which ordinarily consists of an administrative body created by the joint action of several participating nations, requires that the organization remain independent from the intranational policies of its individual members.

*Mendaro*, 717 F.2d at 615-616.  These immunities are "rooted in the need to protect international organizations from unilateral control by a member nation over the activities of the international organization within its territory."  *Id.* at 615.

Any departure from this body of law would be enormously disruptive to the special status and mission of the Fund and other international organizations that are—by international agreement—immune from suit in their member nations.  If a United States court were to reject the express terms of the Articles and reverse well-established precedent to allow a suit to proceed against the Fund, the decision to do so could be perceived by other member nations as an attempt by one member to assert the primacy of its own laws over the laws of others.  A proliferation of such actions in the courts of the IMF's 185 member countries could destroy the framework of cooperation that was established during the Bretton Woods Conference and which has continued for more than six decades.  That is precisely what the Articles of Agreement are designed to prevent, and the D.C. Circuit has consistently declined requests to go down that path.  *See id.* at 616 ("Denial of immunity opens the door to divided decisions of the courts of different member states passing judgment on the rules, regulations, and decisions of the international bodies."); *Broadbent v. Org. of Am. States*, 628 F.2d 27, 35 (D.C. Cir. 1980) (noting the need to preserve uniformity in treatment among member countries).

Thus, under the Articles of Agreement, the International Organizations Immunities Act, the D.C. Circuit's binding decision in *Atkinson,* and this Court's own precedent in *Kissi,* the Fund is immune from suit.

### B.      The Fund's Immunity Precludes Subject Matter Jurisdiction.

The Fund's absolute immunity from suit deprives the Court of subject matter jurisdiction over this action, and the Court should dismiss the case with prejudice on that basis. Where, as here, an international organization enjoys such immunity, the D.C. Circuit and other courts have concluded that subject matter jurisdiction is lacking and that such actions should be dismissed under Fed. R. Civ. P. 12(b)(1). *See Mendaro*, 717 F.2d at 613 (affirming dismissal of action against the World Bank for lack of subject matter jurisdiction in light of the Bank's immunity); *see also, e.g., Brzak v. United Nations*, 551 F. Supp. 2d 313, 314 (S.D.N.Y. 2008) (dismissing action against the United Nations and former officers for lack of subject matter jurisdiction on account of the U.N.'s immunity); *Bisson v. United Nations*, No. 06-cv-6352, 2008 U.S. Dist. LEXIS 9723, at *1 (S.D.N.Y. Feb. 11, 2008) (dismissing action against the United Nations and the World Food Programme for lack of subject matter jurisdiction on account of their immunities).

Dr. Polak's Complaint incorrectly asserts that subject matter jurisdiction exists under 22 U.S.C. § 286g. (Compl. ¶ 3.) That section states, in relevant part: "For the purpose of any action which may be brought within the United States or its Territories or possessions by or against the Fund . . . *in accordance with the Articles of Agreement of the Fund . . .*, the district courts of the United States shall have original jurisdiction of any such action." 22 U.S.C. § 286g (emphasis added). By its own terms, Section 286g creates jurisdiction over the Fund only to the extent that the action is permitted by the Fund's Articles of Agreement—i.e., where the Fund has waived immunity and consented to suit. *See Chiriboga v. Int'l Bank for Reconstr. & Dev.*, 616

F. Supp. 963, 966 (D.D.C. 1985) ("[S]ection 286g may be held to provide a jurisdictional basis only if suit against the [organization] is proper under the Articles of Agreement.").  Here, there has been no such waiver or consent, and accordingly the present action is outside the subject matter jurisdiction of this Court.

> **C.     The Complaint Fails To State a Claim Upon Which Relief Can Be Granted.**

Dr. Polak's Complaint quite literally fails to state a claim upon which relief can be granted.  Contrary to the explicit terms of the Fund's Articles of Agreement, the clear language of the IOIA, the D.C. Circuit's controlling decision in *Atkinson*, and this Court's own precedent in *Kissi*, Dr. Polak has attempted to sue an international organization that, as a matter of federal law, enjoys absolute immunity from suit.  Because relief cannot be granted in this action, it must be dismissed under Fed. R. Civ. P. 12(b)(6).  *See, e.g., Atkinson*, 156 F.3d at 1342 (affirming dismissal of action against the Inter-American Development Bank on account of the Bank's immunity); *cf. Kissi v. de Laroisiere*, No. 82-1267 (D.D.C. June 23, 1982) (dismissing action against IMF official on account of his immunity); *Donald v. Orfila*, 618 F. Supp. 645, 646 (D.D.C. 1985) (granting Rule 12(b)(6) motion to dismiss action against secretary general of the Organization of American States on account of his immunity from suit), *aff'd* 788 F.2d 36, 37 (D.C. Cir. 1986).

**CONCLUSION**

For all of the foregoing reasons, Dr. Polak's suit should be dismissed with prejudice on

the basis of the IMF's absolute immunity from suit.

Respectfully submitted,


/s/ Patrick J. Carome
Patrick J. Carome, D.C. Bar No. 385676
Christopher E. Babbitt, D.C. Bar No. 982508
WILMER CUTLER PICKERING
    HALE and DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 663-6000
patrick.carome@wilmerhale.com
christopher.babbitt@wilmerhale.com

Christopher E. Hassell, D.C. Bar No. 291641
BONNER KIERNAN TREBACH
    & CROCIATA, LLP
1233 20th Street, NW
Suite 800
Washington, DC 20036
(202) 712-7000
chassell@bktc.net

*Counsel for the International Monetary Fund*


Dated:  October 31, 2008

- 10 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of October, 2008, a copy of the foregoing International Monetary Fund's Motion to Dismiss and Memorandum of Points and Authorities was filed electronically with the Clerk of the Court.  The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.

/s/ Christopher E. Babbitt
Christopher E. Babbitt