**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACQUES J. POLAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-CV-01416 (RMU) |
| ) | |
| INTERNATIONAL MONETARY FUND, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**APPENDIX TO DEFENDANT**
**INTERNATIONAL MONETARY FUND'S MOTION TO DISMISS**

Exhibit A: *Kissi v. de Laroisiere*, No. 82-1267 (D.D.C. June 23, 1982) (J.H. Green, J.)

Exhibit B: Affidavit of Shailendra J. Anjaria

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID KISSI,                          :

    Plaintiff,                    :

v.                                    :   Civil Action No. 82-1267

JACQUES DE LAROISIERE, Managing:
Director, The International               **FILED**
Monetary Fund,                        :

    Defendant.                    :      JUN 23 1982

                                                     JAMES F. DAVEY, Clerk

<u>ORDER</u>

    This is a <u>pro se</u> employment discrimination case brought against the Managing Director of the International Monetary Fund (IMF). Plaintiff claims that he was denied a junior economist position at the IMF, and discouraged from reapplying, despite the fact that he was well qualified for the position. He claims that defendant's rejection of his candidacy constitutes "an unjustified arbitrariness," and that defendant failed to show sufficient reason why plaintiff cannot qualify for the junior economist position in the future. (Although plaintiff asserts that he was told in a letter from a member of the IMF personnel office that he should not consider seeking future employment with that institution, in fact the letter which plaintiff has appended to his complaint as exhibit 3 does not say that plaintiff cannot apply for any other positions at IMF, but only that "[s]ince it is unlikely that a suitable position will become available in the foreseeable future, we regret very much that we cannot offer you encouragement toward employment prospects at the Fund.")

    Nevertheless, whatever the merit or lack thereof in plaintiff's complaint, it must be dismissed because defendant is immune from this suit. The IMF is an international, intergovernmental organization, created under the Articles of Agreement of the International Monetary Fund, 60 Stat. 1401, T.I.A.S. No. 1501 (1945); amended, 20 U.S.T. 2775, T.I.A.S. No. 6748 (1968); amended, 29 U.S.T. 2203, T.I.A.S. No. 8937 (1976). Section 3 of Article IX of the Agreement provides that the IMF shall enjoy immunity from every form of judicial process except to the extent that it expressly waives its immunity, and Section 8 of Article IX provides that all Governors, Executive Directors, etc. of the

IMF "shall be immune from legal process with respect to acts performed by them in their official capacity except when the Fund waives this immunity...." The IMF has not waived Mr. de Laroisiere's immunity with respect to this case. Affidavit of Leo Van Houtven, Secretary of the International Monetary Fund, appended to defendant's Motion To Dismiss for Lack of Jurisdiction, Insufficiency of Process, and Insufficiency of Service of Process.

Plaintiff opposes the Motion to Dismiss on the ground that the above provisions of the Articles of Agreement do not specify that defendant in the course of his duties can violate U.S. laws or cause injury to American citizens who may be employees or potential employees of the International Monetary Fund. Although plaintiff may understandably feel that it is unfair that he cannot bring what he feels is a justified complaint against defendant, the law could not be clearer as to defendant's immunity from this suit, which undeniably involves action by defendant, in rejecting plaintiff's employment applications, in his official capacity. The Articles of Agreement, as a treaty, are part of the supreme law of the land of the United States, United States Constitution, Article VI, clause 2, and additionally, Congress has provided by statute that the immunities in Article IX shall have full force and effect in the United States. 22 U.S.C. §286(h)(1976).

Accordingly, it is this 23rd day of June, 1982, hereby ORDERED, that this cause stands dismissed with prejudice.

Joyce Hens Green
U.S. District Judge

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUES J. POLAK, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 1:08-CV-01416 (RMU) |
| INTERNATIONAL MONETARY FUND, | ) ) ) |
| Defendant. | ) ) |

## AFFIDAVIT OF SHAILENDRA J. ANJARIA

I, Shailendra J. Anjaria, hereby aver as follows:

1. My name is Shailendra J. Anjaria. I am over the age of eighteen (18) years, and I am fully competent to make this Affidavit. I have personal knowledge of the facts stated in this Affidavit, and they are all true and correct to the best of my knowledge and belief.

2. I am the Secretary of the International Monetary Fund ("the Fund") and in that capacity am the custodian of all records of the Fund, including the minutes of the meetings and decisions of the Executive Board of the Fund.

3. Only the Executive Board of the Fund has the authority under the Articles of Agreement of the International Monetary Fund ("Articles of Agreement") and the By-Laws of the Fund to waive any of the immunities set forth in Article IX of the Articles of Agreement or in the International Organizations Immunities Act, 22 U.S.C. § 288 *et seq*.

4. The Executive Board of the Fund has not waived or authorized the waiver of the Fund's immunity from judicial process with respect to the above-captioned litigation, with

respect to personal injury suits generally, or by the terms of any contract with Plaintiff Jacques J. Polak.

Subscribed and sworn to this 21st day of October 2008 before Henry S. Wright, a Notary Public for the District of Columbia.

_____
Shailendra J. Anjaria
Secretary, International Monetary Fund

On this 21st day of October, 2008, in Washington, D.C., there appeared before me Shailendra J. Anjaria, being well known to me as the Secretary of the International Monetary Fund and being duly sworn, did state that the above Affidavit was true to the best of his knowledge and belief.

_____
Henry S. Wright
Notary Public for the District of Columbia
My commission expires 2/28/2011

- 2 -