# Attachment A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUES J. POLAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-CV-01416 (RMU) |
| ) | |
| INTERNATIONAL MONETARY FUND, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff Dr. Jacques J. Polak, by and through undersigned counsel and pursuant to the Court's Order allowing jurisdictional discovery, hereby serves this first set of interrogatories on Defendant International Monetary Fund. Defendant is requested to serve its answers upon Plaintiff's counsel within sixty (60) days of service.

## DEFINITIONS

1. The terms "**You**," "**Your**," or "**the Fund**" means the International Monetary Fund, as well as any predecessors or successors in interest, as well as the International Monetary Fund's agents, employees, affiliates, representatives, advisors and directors.

2. The term "**concerning**" means relating to, referring to, describing, evidencing or constituting.

3. All plural terms shall include the singular and all singular terms shall include the plural, masculine and feminine terms shall be construed each to include the other, and the terms "**and**" as well as "**or**" shall be construed disjunctively or conjunctively, as necessary in order to bring within the scope of the requests all responses which might otherwise be construed to be outside their scope.

4. The term "**all**" and the term "**each**" shall be construed individually as encompassing both all and each.

5. The term "**identify**," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, alternative e-mail address and/or contact information, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this provision, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6. The term "**identify**," when referring to a document, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) where such document is stored; (v) author(s), addressee(s) and recipient(s); and (vi) the name and address of the document custodian.

7. The term "**identify**," when referring to electronically stored information, means to give, to the extent known, the (i) native format of the information, (ii) the type of document; (iii) general subject matter; (iv) date of creation of the information; (v) date the information was last accessed and/or updated; and (vi) author(s)/creator(s) of the information; (vii) identifying information on the computer wherein such information is stored; (viii) the names and addresses of all persons with access and/or permission to write such information; and (ix) the name of the system administrator or other custodian of the electronic storage system.

8. The term "**document**" shall be construed to include information stored in any format, including any electronic format.

9. All plural terms shall include the singular and all singular terms shall include the plural, masculine and feminine terms shall be construed each to include the other, and the terms "and" as well as "or" shall be construed disjunctively or conjunctively, as necessary in order to bring

2

within the scope of the interrogatories all responses which might otherwise be construed to be outside their scope.

## INSTRUCTIONS

A. These interrogatories are to be read and interpreted in accordance with the Instructions and Definitions set forth herein.

B. The definitions set forth above are incorporated by reference herein.

C. To the extent your response to the interrogatories requires the production of any documents, at the time and place that you produce said documents, you are requested to produce them in the same order as you maintain them in the ordinary course of business.

D. If you object to responding to any interrogatory because of a privilege, you are required to provide the following information relating to the information sought, unless divulging the information would disclose the privileged information:

(1) Its date;

(2) The title thereof, if any;

(3) The type of document (*e.g.*, correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including, where appropriate, the author, the addressee, and, if not apparent, the relationship between the author and the addressee;

(4) The general subject matter of each document;

(5) The basis for such claim of privilege or other grounds for withholding production;

(6) The name, address, and present employer of the author(s); and,

(7) The name, address, and present employer of each addressee thereof.

3

E. To the extent your response to the interrogatories requires the production of any documents, all documents are to be produced, including drafts thereto, in their entirety, without redaction or expurgation of any kind or nature. In the event that any information is redacted from a document produced pursuant to this document request, identify where the redaction has been made by stamping or writing the word "Redacted" in the location where the information has been deleted and separately log each redaction on the privilege log.

F. To the extent your response to the interrogatories requires the production of any electronically stored information, all such information is to be produced in native format.

G. With respect to each interrogatory, if you are able to provide some, but not all, of the information requested, identify specifically the items as to which you do not have sufficient information to respond fully. In the event any interrogatory requires the identification and/or production of document(s) that are no longer in your possession, custody or control, or in existence, state whether such document is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom; or (4) otherwise disposed of. In each instance, explain the circumstances surrounding destruction or disposal of each document and state the approximate date thereof.

I. If you believe that any word or phrase in the interrogatories is ambiguous, or if you do not understand any word or phrase below, identify the ambiguity or source of confusion and explain the definition or understanding that you relied upon in responding.

J. Each request in these interrogatories shall be deemed continuing so as to require you to supplement any answers thereto if, at any time prior to termination of this case, the responding party discovers additional or different information and/or document(s) that render any response to any request below incomplete. Such supplemental answers are to be made as soon as reasonably

possible after the information or document becomes available to the responding party or its counsel, but in no case later than 10 days after any such information or document is obtained.

## INTERROGATORIES

1. Identify the person(s) involved in answering these interrogatories, including without limitation all persons consulted in connection with the preparation of the answers, stating with respect to each the answer or answers as to which he or she provided.

2. Identify any documents concerning the Fund's liability or potential or possible liability or lack of liability for any tort, including but not limited to negligence.

3. Identify any documents concerning the Fund's immunity or potential or possible immunity or lack of immunity from liability for any tort, including but not limited to negligence.

4. Identify any claim or potential or possible claim sounding in tort, including but not limited to negligence, that has resulted in a lawsuit, arbitration, demand for arbitration, or any other legal proceeding or threatened legal proceeding against the Fund in any forum.

5. Describe the nature and scope of any immunity asserted by the Fund (or not asserted by the Fund) concerning the claim or potential or possible claim described in number four.

6. Identify any documents concerning the claim or potential or possible claim described in number four.

7. Identify any documents concerning the Fund's assertion or non-assertion of immunity against the claim or potential or possible claim described in number four.

8. Identify any claim or potential or possible claim sounding in tort, including but not limited to negligence, that the Fund has settled in addition to, aside from, or before, during or after, any of the proceedings described in number four.

9. Describe the nature and scope of the immunity or potential or possible immunity asserted (or not asserted) by the Fund concerning the claim or potential or possible claim described in number eight.

10. Identify any documents concerning the claim or potential or possible claim described in number eight.

11. Identify any documents concerning the Fund's assertion or non-assertion of immunity, if any, from liability on the claim or potential or possible claim described in number eight.

Respectfully submitted,

_/s/ Benjamin G. Chew_

Benjamin G. Chew (DC Bar #418577)
John C. Hilton (DC Bar # 980801)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
bchew@pattonboggs.com
jhilton@pattonboggs.com

*Counsel for Plaintiff Dr. Jacques J. Polak*

Dated: November 14, 2008

# Attachment B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUES J. POLAK,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL MONETARY FUND,<br><br>Defendant. | Civil Action No. 1:08-CV-01416 (RMU) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Plaintiff Dr. Jacques J. Polak, by and through undersigned counsel and pursuant to the Court's Order allowing jurisdictional discovery, hereby serves this First Request for Production of Documents and Things on Defendant on Defendant International Monetary Fund. Defendant must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request), and electronically stored information (in native format), for inspection and copying within sixty (60) days of service, to: Benjamin G. Chew, Esq., Patton Boggs LLP, 2550 M Street, N.W., Washington, DC 20007.

### DEFINITIONS

1. The terms "**You**," "**Your**," or "**the Fund**" means the International Monetary Fund, as well as any predecessors or successors in interest, as well as the Fund's agents, employees, affiliates, representatives, advisors and directors.

2. The term "**concerning**" means relating to, referring to, describing, evidencing or constituting.

3. All plural terms shall include the singular and all singular terms shall include the plural, masculine and feminine terms shall be construed each to include the other, and the terms


"and" as well as "or" shall be construed disjunctively or conjunctively, as necessary in order to bring within the scope of the requests all responses which might otherwise be construed to be outside their scope.

4. The term "**all**" and the term "**each**" shall be construed individually as encompassing both all and each.

5. The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic mail and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

## INSTRUCTIONS

A. These requests for production are to be read and interpreted in accordance with the Instructions and Definitions set forth herein.

B. The definitions set forth above are incorporated by reference herein.

C. At the time and place that you produce the documents sought under this request, you are requested to produce them in the same order as you maintain them in the ordinary course of business.

D. If you object to producing a document because of a privilege, you are required to provide the following information relating to the document, unless divulging the information would disclose the privileged information:

   (1) Its date;

   (2) The title thereof, if any;

   (3) the type of document (*e.g.*, correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including,

2

where appropriate, the author, the addressee, and, if not apparent, the relationship between the author and the addressee;

  (4) The general subject matter of each document;

  (5) The basis for such claim of privilege or other grounds for withholding production;

  (6) The name, address, and present employer of the author(s); and,

  (7) The name, address, and present employer of each addressee thereof.

  E. All documents are to be produced, including drafts thereto, in their entirety, without redaction or expurgation of any kind or nature. In the event that any information is redacted from a document produced pursuant to this document request, identify where the redaction has been made by stamping or writing the word "Redacted" in the location where the information has been deleted and separately log each redaction on the privilege log.

  F. To the extent your response to the requests requires the production of any electronically stored information, all such information is to be produced in native format.

  G. With respect to each request, if you are able to provide some, but not all, of the information requested, identify specifically the items as to which you do not have sufficient information to respond fully. In the event any request requires the identification and/or production of document(s) that are no longer in your possession, custody or control, or in existence, state whether such document is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom; or (4) otherwise disposed of. In each instance, explain the circumstances surrounding destruction or disposal of each document and state the approximate date thereof.

H. These requests cover the period of time from July 11, 1946—when the Fund was designated as a public international organization by Executive Order of the President of the United States—to the present, unless specifically provided otherwise.

I. If you believe that any word or phrase in the requests is ambiguous, or if you do not understand any word or phrase below, identify the ambiguity or source of confusion and explain the definition or understanding that you relied upon in responding.

J. Each request shall be deemed continuing so as to require you to supplement any answers thereto if, at any time prior to termination of this case, the responding party discovers additional or different information and/or document(s) that render any response to any request below incomplete. Such supplemental answers are to be made as soon as reasonably possible after the information or document becomes available to the responding party or its counsel, but in no case later than 10 days after any such information or document is obtained.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1. All documents concerning the Fund's liability or potential or possible liability or lack of liability for any tort, including but not limited to negligence.

2. All documents concerning the Fund's immunity or potential or possible immunity or lack of immunity from liability for any tort, including but not limited to negligence.

3. All documents concerning any claim sounding in tort, including but not limited to negligence, that has resulted in a lawsuit, policy claim, arbitration, demand for arbitration, or any other legal proceeding or threatened legal proceeding against the Fund in any forum.

4. All documents concerning the Fund's immunity or potential or possible immunity or lack or non-assertion of immunity described in number three.

5. All documents concerning the settlement of any claim described in number three.

6. All documents concerning any claim or potential or possible claim sounding in tort, including but not limited to negligence, that the Fund has settled in addition to, aside from, or before, during or after, any of the proceedings described in number three.

7. All documents concerning the Fund's immunity or potential or possible immunity or lack or non-assertion of immunity from any claim or possible or potential claim described in number six.

8. All documents concerning the settlement of any claim or potential or possible claim described in number six.

Respectfully submitted,

/s/ Benjamin G. Chew
_____
Benjamin G. Chew (DC Bar #418577)
John C. Hilton (DC Bar # 980801)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
bchew@pattonboggs.com
jhilton@pattonboggs.com

*Counsel for Plaintiff Dr. Jacques J. Polak*

Dated: November 14, 2008

# Attachment C