# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JACQUES J. POLAK,                          :
                                           :
                Plaintiff,                 :        Civil Action No.:    08-1416 (RMU)
                                           :
        v.                                 :        Re Document Nos.:    2, 3
                                           :
INTERNATIONAL MONETARY FUND,               :
                                           :
                Defendant.                 :

## <u>MEMORANDUM OPINION</u>

### Granting the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction; Denying the Plaintiff's Motion for Jurisdictional Discovery

## I. INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss for lack of

subject matter jurisdiction.  The plaintiff, renowned economist Dr. Jacques Polak, commenced

the instant action against the defendant, the International Monetary Fund ("IMF"), alleging

negligence and negligence *per se* in the construction and maintenance of stairs on the IMF's

premises.  The defendant moves to dismiss the case, maintaining that the IMF is immune from

suit and that such immunity deprives the court of subject matter jurisdiction.  In response, the

plaintiff denies that the defendant is immune and moves for a stay of the case pending

jurisdictional discovery on that issue.  The court agrees that the defendant is immune from the

instant suit and grants the defendant's motion to dismiss.  In addition, because granting discovery

would not yield information that would bear on the defendant's immunity, the court denies the

plaintiff's motion for jurisdictional discovery.

## II.  FACTUAL & PROCEDURAL BACKGROUND

On November 15, 2007, the plaintiff attended the defendant's eighth annual Jacques Polak Research Conference at the defendant's headquarters in Washington, D.C.  Compl. ¶ 6.  As the plaintiff was descending the stairs in the headquarters conference room, he fell and struck his head, sustaining "serious, permanent, debilitating injuries." *Id.* ¶ 8.  As a result of these injuries, the plaintiff asserts he requires ongoing medical care. *Id.* ¶ 9.

The plaintiff filed suit on August 14, 2008, alleging that the defendant was negligent in failing to construct and maintain the stairs at a safe incline, warn the plaintiff about the condition of the stairs and provide an adequate handrail. *Id.* ¶¶ 15-21.  The plaintiff also claims the defendant was negligent *per se* for failing to equip the conference room stairs with a handrail as required by the District of Columbia Building Code. *Id.* ¶ 10.

The defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that it is immune from suit under both the Bretton Woods Agreements Act ("BWAA") and the International Organizations Immunities Act ("IOIA").  Def.'s Mot. to Dismiss at 1.  The plaintiff opposes the defendant's motion to dismiss and moves to stay the case pending jurisdictional discovery. *See generally* Mem. in Support of Pl.'s Opp'n to Def.'s Mot. to Dismiss & Mot. for Stay ("Mem. in Support of Pl.'s Mot. for Stay").  The court now turns to the applicable legal standard and the parties' arguments.

## III.  ANALYSIS

### A.  Legal Standard for a Motion to Dismiss Pursuant to 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies

outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). When necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

**B.  The Court Grants the Defendant's Motion to Dismiss for
Lack of Subject Matter Jurisdiction**

The defendant urges the court to dismiss the instant suit because, under both the BWAA and the IOIA, the defendant is absolutely immune from all forms of judicial process.  Def.'s Mot. to Dismiss at 1.  The BWAA establishes that certain provisions of the defendant's Articles of Agreement "have full force and effect in the United States."  *Id.* at 3 (quoting 22 U.S.C. § 286h). One of the Articles of Agreement incorporated by the BWAA provides that "[t]he [defendant], its property and its assets, wherever located and by whomsoever held, *shall enjoy immunity from every form of judicial process* except to the extent that it expressly waives its immunity for the purpose of any proceedings or by the terms of any contract."  Def.'s Mot. at 4-5 (quoting Articles of Agreement of the International Monetary Fund ("Articles of Agreement"), Art. IX, § 3 (emphasis added)).  Because it has not waived its immunity, the defendant maintains, the Articles of Agreement render it absolutely immune from this suit.[1]  Def.'s Mot. at 4.

In addition to relying on its Articles of Agreement, the defendant relies on the IOIA as an independent source of immunity.  *Id.* at 5.  The IOIA confers designated international organizations with "the same immunity from suit and every form of judicial process as is enjoyed by foreign governments."  *Id.* at 3 (quoting 22 U.S.C. § 288a(b)).  Because President Truman designated the defendant as an international organization entitled to the privileges and

---

[1]     The defendant's Secretary, Shailendra Anjaria, stated in an affidavit that the defendant's Executive Board, which has sole authority regarding the issuance of a waiver of immunity from suit, "has not waived or authorized the waiver of the Fund's immunity from judicial process with respect to the above-captioned litigation, with respect to personal injury suits generally, or by the terms of any contract with Plaintiff Jacques J. Polak."  *See* Def.'s Mot. to Dismiss, Ex. B ¶¶ 3-4.

immunities conferred by the IOIA, the defendant argues that it is absolutely immune from suit based on the IOIA.  *Id.*

The plaintiff disagrees, asserting that the defendant's immunity under both its Articles of Agreement, as incorporated by the BWAA, and the IOIA is limited by the functional necessity doctrine.  Mem. in Support of Pl.'s Mot. for Stay at 4-9.  In other words, according to the plaintiff, both statutes permit immunity only to the extent necessary to allow the organization to fulfill its functions.  *Id.* at 4-6.  Thus, by way of example, the plaintiff explains that the defendant is immune from suits relating to personnel management decisions because such immunity is necessary for the defendant to fulfill its organizational functions.  *Id.* at 6-8.  In contrast, the plaintiff argues, international organizations do not need to be free from common law negligence claims to function effectively.  *Id.* at 9-10.  Based on this rationale, the plaintiff contends that the defendant cannot claim immunity under either statute.  *Id.* at 10-15.

The plaintiff's argument does not persuade the court that the defendant is amenable to suit.  The BWAA provides that Article IX, §§ 2 through 9 of the defendant's Articles of Agreement "shall have full force and effect in the United States."  22 U.S.C. § 286h (citing Articles of Agreement).  Article IX, § 3 states that the defendant is immune from "every form of judicial process" unless it expressly waives its immunity.  Articles of Agreement, Art. IX, § 3.  Similarly, the IOIA establishes that foreign governments and certain international organizations, including the defendant, are "immun[e] from suit and every form of judicial process . . . except to the extent that such organizations may expressly waive their immunity."  22 U.S.C. § 288a(b).  Thus, the BWAA and the IOIA each provide a basis for immunity.  The court will address each in turn.

**1.  Immunity Under the BWAA**

In support of his claim that the defendant's immunity under the BWAA is circumscribed by the functional necessity doctrine, the plaintiff cites Article IX, § 1 of the defendant's Articles of Agreement, which states:  "To enable the [defendant] to fulfill the functions with which it is entrusted, the status, immunities, and privileges set forth in this Article shall be accorded to the [defendant] in the territories of each member."  Articles of Agreement, Art. IX, § 1.  But the Articles' statement of purpose does not necessarily act as a limitation on the defendant's immunity.  *Cf. Brzak v. United Nations*, 551 F. Supp. 2d 313, 318 (S.D.N.Y. 2008) (holding that the United Nations is absolutely immune to suit, notwithstanding language in the United Nations Charter similar to that in Article IX, § 1 of the defendant's Articles of Agreement).[2]

Even more persuasive is the fact that the BWAA codified only §§ 2 through 9 of Article IX.  22 U.S.C. § 286h.  Because the BWAA did not incorporate § 1, that section cannot limit the defendant's immunity from suit.  In accordance with this interpretation of the Articles of Agreement as they relate to the defendant's immunity from suit, another court in this district has held that "[s]ection 3 of Article IX of the Agreement provides that the IMF shall enjoy immunity from every form of judicial process except to the extent that it expressly waives its immunity." *Kissi v. de Laroisiere*, Civil Action No. 82-1267 (D.D.C. June 23, 1982).  Given that the defendant has not expressly waived the immunity conferred by the Articles of Agreement, as codified by the BWAA, the court dismisses the instant suit for want of subject matter jurisdiction.

---

[2]  Article 105 of the Charter of the United Nations provides that the United Nations "shall enjoy . . . such privileges and immunities as are necessary for the fulfillment of its purposes."

**2. Immunity Under the IOIA**

The IOIA serves as a separate and independent source of immunity for international organizations such as the defendant.  22 U.S.C. § 288a(b).  Although the parties dispute the scope of this immunity, this Circuit has held that "Congress' intent was to adopt that body of law only as it existed in 1945 – when immunity of foreign sovereigns was absolute."  *Atkinson v. Inter-American Dev. Bank*, 156 F.3d 1335, 1341 (D.C. Cir. 1998).  The Circuit reaffirmed this holding in 2008, noting that "the IOIA provides absolute immunity from suit to organizations such as the World Bank."  *Murten v. Energoprojekt-Niskogradnja Co.*, 2008 WL 441836, at *1 (D.C. Cir. Feb. 14, 2008).  There are only two exceptions to immunity conferred by the IOIA.  *Mendaro v. World Bank*, 717 F.2d 610, 613 (D.C. Cir. 1983).  First, in certain circumstances not applicable here, the President may limit the organization's immunity.  *Id.*  Second, an organization may expressly waive its immunity.  *Id.*

In the presence of an express waiver, courts apply the functional necessity doctrine in determining the scope of the waiver.  *See Osseiran v. Int'l Fin. Corp.*, 498 F. Supp. 2d 139, 144 (D.D.C. 2007), *aff'd*, 552 F.3d 836 (D.C. Cir. 2009) (explaining that "[o]nce . . . a waiver has been identified, the scope of that waiver *then* must be assessed") (emphasis added).  In support of his theory that the functional necessity doctrine governs here, the plaintiff attempts to draw support from *Mendaro*, a case in which the court was tasked with interpreting an ambiguous waiver of immunity in the World Bank's Articles of Agreement.  *Mendaro*, 717 F.2d at 617-20.  But the question before the *Mendaro* court was how broadly to construe the express waiver of immunity, not whether the World Bank's general grant of immunity was limited by the functional necessity doctrine.  *Id.* at 617.  It was in its evaluation of the scope of the express waiver that the

court drew upon the functional necessity doctrine, concluding that the World Bank had waived

its immunity relating to commercial transactions but not to its internal affairs. *Id.* at 618-19.

Here, in contrast, there is no indication that the defendant has expressly waived its immunity.

Absent a waiver of immunity, the plaintiff's reliance on the functional necessity test is misplaced.

As a result, the court concludes that the defendant is immune under the IOIA and the instant suit

must be dismissed for want of subject matter jurisdiction.[3]

### C.  The Court Denies the Plaintiff's Motion for a Stay Pending Jurisdictional Discovery

"Assuming *arguendo* that the court finds Defendant immune under the IOIA," the

plaintiff requests that the court "stay the action to [allow the plaintiff to] conduct limited

discovery on the issue of Defendant's immunity."  Mem. in Support of Pl.'s Mot. for Stay at 17.

The plaintiff argues that whether the defendant has expressly waived its immunity is a legal

question that requires proving facts, and that the defendant's affidavit is insufficient to prove that

the defendant has not waived its immunity. *Id.* at 16.  The defendant counters that the only facts

of consequence – whether the defendant is an international organization and whether it has

expressly waived its immunity – are not contested.  *See* Def.'s Opp'n to Pl.'s Mot. for Stay at 2.

According to the defendant, its absolute immunity from all forms of judicial process precludes

jurisdictional discovery without a compelling justification, which is absent here. *Id.*

This Circuit has held that "immunity, where justly invoked, properly shields defendants

not only from the consequences of litigation's results, but also from the burden of defending

themselves." *Tuck v. Pan Am. Health Org.*, 668 F.2d 547, 549 (D.C. Cir. 1981).  In the Foreign

---

[3]  The defendant also seeks dismissal under Rule 12(b)(6), a motion the court need not address here because the suit will be dismissed for want of subject matter jurisdiction under Rule 12(b)(1).

Sovereign Immunities Act ("FSIA") context, courts have declined to grant jurisdictional discovery if it would "frustrate the significance and benefit of entitlement to immunity from suit." *Crist v. Republic of Turk.*, 995 F. Supp. 5, 12 (D.D.C. 1998) (quoting *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 671 (D.C. Cir. 1996)).   The court must exercise additional caution here because, unlike the FSIA, in which an implied waiver may serve as a limitation on immunity, *see* 28 U.S.C. § 1605(a), only an express waiver can deprive the defendant of immunity in this case, *see* Articles of Agreement, Art. IX, § 3; 22 U.S.C. § 288a(b).   In other words, the range of situations permitting jurisdictional discovery is narrower here than it would be in the context of the FSIA.   Nevertheless, limited discovery "may be proper [if] pertinent facts bearing on the issue of jurisdiction are in dispute." *Osseiran*, 498 F. Supp. 2d at 145 n.2.

Pursuant to the Articles of Agreement and the IOIA, the defendant is immune from "every form of judicial process" unless the defendant expressly waives its immunity.   Articles of Agreement, Art. IX, § 3; 22 U.S.C. § 288a(b).   Discovery is a form of judicial process, *see, e.g.*, *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 449 (D.C. Cir. 1990), and thus the only pertinent fact bearing on the jurisdictional issue is whether the defendant has, by contract with the plaintiff or in its Articles of Agreement, expressly waived its immunity, *see* Articles of Agreement, Art. IX, § 3; 22 U.S.C. § 288a(b).   Rather than confining his proposed interrogatories to the existence of an express waiver, however, the plaintiff seeks a broad range of information relating to the defendant's liability in, and immunity from, prior tort claims.   *See generally* Pl.'s Mot. for Stay, Attach. A.   These requests are expressly premised on the plaintiff's erroneous claim that the defendant's immunity "derives from the functional necessity doctrine." *See* Pl.'s Reply in Support of Mot. for Stay at 4-5.   But, as discussed *supra* Part III.B, the

functional necessity doctrine does not alter the defendant's immunity unless there is an express waiver.

Therefore, insofar as the plaintiff's discovery requests are premised on the applicability of the functional necessity doctrine, those requests are not justified. Furthermore, even if discovery were to reveal prior, unrelated instances in which the defendant waived its immunity, such discovery would not bear on whether the defendant waived its immunity in this case because neither the Articles of Agreement nor the IOIA permits waiver by implication. *See* Articles of Agreement, Art. IX, § 3 (stating that "[t]he Fund . . . shall enjoy immunity from every form of judicial process except to the extent that it expressly waives its immunity"); 22 U.S.C. § 288a(b) (directing that "[i]nternational organizations . . . shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments, except to the extent that such organizations may expressly waive their immunity").

In sum, contrary to the plaintiff's assertions, the only relevant inquiry is whether the defendant has expressly waived its immunity to this suit. The defendant has denied by affidavit that an express waiver exists. *See* Def.'s Mot. to Dismiss, Ex. B. And even while maintaining that the defendant's affidavit is insufficient, crucially, the plaintiff does not allege that the defendant has expressly waived its immunity. *See generally* Compl.; Mem. in Support of Pl.'s Mot. for Stay; Pl.'s Mot. for Stay; Pl.'s Reply in Support of Mot. for Stay. Absent a specific, well-founded allegation that an express waiver exists, the plaintiff's proposed discovery, which requests information well beyond the scope of relevant information, does "not provide[] the court with any basis upon which to grant [his] request for jurisdictional discovery." *Crist*, 995 F. Supp. at 12-13 (rejecting the plaintiff's discovery request because it provided the court with

10

nothing more than "conjecture and surmise").  Because the court has concluded that the

defendant is immune from all forms of judicial process, including discovery, and because the

plaintiff has failed to show that jurisdictional discovery would alter the court's holding, the court

denies the plaintiff's request.


## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss for lack of

subject matter jurisdiction and denies the plaintiff's motion to stay the action pending

jurisdictional discovery.  An Order consistent with this Memorandum Opinion is separately and

contemporaneously issued this 28th day of September, 2009.



                                        RICARDO M. URBINA
                                        United States District Judge